UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JANET KENA on behalf of her minor son, A.A.,** | CASE NO.: |
| *Plaintiff,* | JURY TRIAL DEMANDED |
| v. | |
| **HOWARD COUNTY PUBLIC SCHOOLS, DOE DEFENDANTS 1-10, in their individual capacities,** | |
| *Defendant.* | |

## COMPLAINT

### I.   BACKGROUND

1. This is an action arising from the failure to provide medical care to A.A. rendering him a quadriplegic, while under the care of Hammond High School. Plaintiff is seeking damages for Defendants' violations of federal law.

### II.   PARTIES

2. Janet Kena ("Kena") is the mother of A.A. and a resident of the State of Maryland.

3. A.A. ("Plaintiff") is a minor. He was a student at Hammond High School ("HHS") in the Howard County Public Schools.

4. Defendant Howard County Public Schools ("HCPS") is a public school district based in Howard County, Maryland.

5. Hammond High School ("HHS") is a public high school in the Howard County Public Schools, HHS is located in Columbia, Maryland.

1

6. Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant HCPS that caused the harms to Plaintiff subject of this lawsuit. At this time, their names and whereabouts are unknown.

## III.   JURISDICTION & VENUE

7. This action arises under the law of the United States. Therefore, this Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

8. Defendant HCPS conducts business within the State of Maryland.

9. The other Defendants on the grounds that they were employees of HCPS at all times relevant to this action and personally violated certain rights and policies, the effects of which were felt in the State of Maryland.

10. Venue in this action is proper in the District Court because the events relevant to this action occurred primarily within the geographical confines of the District of Maryland. HCPS is located and conducts business in the District of Maryland.

## IV.   FACTUAL ALLEGATIONS

11. At all times relevant to this litigation, A.A. was a student at Hammond High School ("HHS") in the HCPS district.

12. For the 2023-2024 school year, A.A. was in his junior year playing on the schools varsity basketball team.

13. On January 18, 2024, A.A. was attending a varsity team basketball practice in the gym of HHS when he suffered a cardiac arrest.

14. A.A. was unresponsive on the floor for approximately 15 minutes without emergency medical intervention.

15. HHS called 911 about an unresponsive male.

16. HHS school administration and coaching staff failed to provide CPR.

17. An AED was available for emergency use in two points within the school, one directly outside of the gym. At no point was the AED removed from the case to provide assistance to A.A.

18. No emergency aid was provided to A.A. while he lay lifeless on the floor of the gym.

19. HHS's security cameras in the gym captured the incident in its entirety.

20. Paramedics began to perform CPR as well as other emergency medical efforts upon arrival at HHS.

21. At approximately 5:30pm, Seth Asare and Abigail Asare, A.A.'s father and older sister, received a phone call from the HAHS athletic director, Michael Salapata, stating that A.A. had fallen and that he was on his way to the hospital.

22. Salapata was not present in the school when A.A. suffered cardiac arrest.

23. Upon arriving at the hospital Kena and Abigal were told by medical personnel that A.A. had suffered a cardiac arrest and they were trying to stabilize him.

24. Upon being stabilized, A.A. was transferred to Johns Hopkins Children's Center around 7:00pm.

25. HHS's principal Raymona Reid, Salaptata, and all three basketball coaches, Albert Holley, Anthony Goode, Will Robinson and Kevin Blake were present at Johns Hopkins upon Plaintiff's transfer on January 18, 2024.

26. A.A. would spend his time at Johns Hopkins in the Pediatric Cardiac Intensive Care Unit ("PCICU") and later the Pediatric Intensive Care Unit ("PICU").

27. A.A. remained at Johns Hopkins Pediatric Center until March 12, 2024.

28. On March 12, 2024, A.A. was transferred to Mt. Washington Pediatric Hospital where he would remain in the Adolescent Rehabilitation unit until November 18, 2024.

29. As a result of A.A. suffering a cardiac arrest and Defendants failure to provide immediate medical aid, A.A. is now in a persistent vegetative state.

30. A.A. is a quadriplegic.

31. A.A. is unable to speak.

32. A.A. is unable to eat and requires a feeding tube for sustenance.

33. Prior to January 18, 2024, A.A. had a bright future ahead, he was preparing to apply to Michigan State University with the intention of majoring in computer science.

34. Prior to January 18, 2024, A.A. was a student athlete, he was a member of the basketball and track teams for HHS.

35. A.A. was a part of a close-knit family including himself, his mother and father and sister Abigail.

36. Following January 18, 2024, A.A. can no longer meaningfully participate in family life.

37. A.A. is entirely unable to care for himself and requires around-the-clock care.

38. As a result of the need to take care of around the clock, Kena was terminated from her employment with Erickson Senior Living after exhausting her FMLA caring for A.A.

39. Kena was forced to move apartments as A.A. becoming a quadriplegic was no longer able to access their fourth-floor apartment and required a ground level residence.

**Respondeat Superior and Agency**

40. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

41. Under Federal and Maryland law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

42. At all times relevant to this action, all individual Defendants were employed by HCPS. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with HCPS.

43. At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

V.   CAUSES OF ACTION

**FIRST COUNT – VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983**

44. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

45. The Fourteenth Amendment of the U.S. Constitution provides in pertinent part, that "no person shall be deprived of life, liberty, or property without the due process of law," which includes "right to be free of state-occasioned damages to a person's bodily integrity," provided through the Fourteenth Amendment. *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981)(citing Hall v. Tawney, 621 F.2d 607, 613 (4th Cir. 1980).

5

46. In this case, public school officials who fail "to take adequate precautions" may amount to "deliberate indifference to the constitutional rights of students." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

47. As such, Defendants violated A.A.'s right to bodily integrity by failing to take adequate precautions which amounted to deliberate indifference to his constitutional rights as a student.

48. Defendants were giving the impression to act in their role as school employees, therefore acting under the color of law.

49. Defendants as people working with children on a daily basis were aware that A.A. was entitled to a liberty interest in bodily integrity.

50. Plaintiff suffered bodily harm, including cardiac arrest and mental anguish.

51. A.A. was denied his due process rights by Defendants in violation of the Fourteenth Amendment in that:

   a. Defendant HCPS disregarded the immediate medical needs of A.A. and failed to provide emergency medical aid; and

   b. Doe Defendants when they failed to provide emergency medical aid to A.A.

52. As a direct and proximate result of Defendants' actions, A.A. suffered serious bodily harm.

53. The actions of Defendants violated the provisions of 42 U.S.C. §1983 in that they knowingly and willfully violated the civil rights of A.A.

54. Defendant HCPS as a public school district is vicariously responsible for actions of employees acting within the scope of their employment.

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendants

providing the following relief:

      i. Compensatory damages in an amount to be determined by a jury; and

      ii. Punitive damages in an amount to be determined by a jury; and

      iii. Interest, costs, and attorney's fees; and

      iv. Any and all other remedies or damages allowable by law;

      v. Such further other relief as the Court may deem just, proper, and appropriate.

### SECOND COUNT - MUNICIPAL LIABILITY/ RATIFICATION (42 U.S.C. § 1983)
### (Against Howard County Public Schools only)

55. Plaintiffs incorporate and restate each of the above paragraphs.

56. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs, whether those policies and customs are written or not.

57. Further, the defendant is liable if its failure to train and supervise its personnel is so inadequate that it amounts to deliberate indifference to the rights of Plaintiff.

58. HCPS's training and supervision policies, if in existence at all, fell woefully short thereby demonstrating deliberate indifference.

59. Plaintiff suffered harm as a result.

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendants providing the following relief:

      i. Compensatory damages in an amount to be determined by a jury; and

      ii. Punitive damages in an amount to be determined by a jury; and

      iii. Interest, costs, and attorney's fees; and

      iv. Any and all other remedies or damages allowable by law;

      v. Such further other relief as the Court may deem just, proper, and appropriate.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 17, 2025							Respectfully submitted,

/s/ *Solomon Radner*
Solomon M. Radner, Esq.
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
solomonradner@kaltmanlaw.com
*Attorney for Plaintiffs*